## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRANCE E.W. ACUFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-482-JHP-SPS |
| | ) | |
| COMMISSIONER of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The claimant Brance E.W. Acuff requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the undersigned Magistrate Judge recommends that the Commissioner's decision be REVERSED and REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

-2-

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was twenty-five years old at the time of the administrative hearing (Tr. 38). He completed the tenth grade, and has worked as a flagger (Tr. 27, 223). The claimant alleges that he has been unable to work since July 31, 2014, due to attention deficit hyperactivity disorder ("ADHD") and illiteracy (Tr. 222).

### Procedural History

On July 31, 2014, the claimant applied for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His application was denied. ALJ John W. Belcher conducted an administrative hearing and determined that the claimant was not disabled if he stopped substance abuse in a written opinion dated February 14, 2017 (Tr. 18-29). The Appeals Council denied review, so the ALJ's opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. At step two, he determined that the claimant had the severe impairments of ADHD, depressive disorder, and substance abuse disorder, as well as the nonsevere impairment of borderline intellectual functioning (Tr. 20-21). Accounting for the claimant's substance abuse at step three, he then determined that the claimant's impairments met Listings 12.02, 12.04, and 12.09 (Tr. 21). However, he found that if the claimant stopped the substance use, he would nevertheless continue to have severe impairments, but he would not have an impairment or

-3-

combination of impairments that met or medically equaled a Listing (Tr. 24).  At step four, he found that, if the claimant stopped his substance use, he would retain the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the nonexertional limitations of performing simple, routine, and repetitive tasks; performing work requiring only superficial contact with supervisors but that he could not perform work requiring contact with the public; and an inability to perform work requiring reading or writing (Tr. 25).  The ALJ thus concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *i. e.*, sweeper cleaner, inspector packer, and document specialist (Tr. 27-28).  Thus, the ALJ found the claimant's substance abuse was a contributing factor material to the determination of disability and that he would not be disabled if he stopped the substance abuse (Tr. 33-34).

## Review

The claimant contends that the ALJ's determination that substance abuse was material to his disability is not based on substantial evidence.  The undersigned Magistrate Judge agrees.

The relevant medical evidence reveals that the claimant was treated at Healthy Living in Tahlequah, Oklahoma, and behavioral health notes indicate medication management for the claimant's ADHD.  Two years out from a serious car accident, the claimant reported on June 14, 2016 that medication would wear off around 5:00 p.m., that he had trouble sleeping, and that he still had nightmares from the accident (Tr. 378).  On September 11, 2015, treatment notes indicate that the claimant met the criteria for a PTSD

diagnosis (Tr. 487). Those treatment notes indicate that the claimant reported past use of marijuana, but no history of alcohol, substance, or prescription abuse (Tr. 378-383). However, a Hastings Hospital treatment noted from October 12, 2015 states that the claimant reported smoking marijuana the day before, and that he smokes four to six joints per day (Tr. 464). On March 18, 2016, the claimant reported using marijuana two to three times per year, and alcohol once per month (Tr. 479).

Denise LaGrand, Psy.D., conducted a mental status/diagnostic examination of the claimant on November 18, 2014 (Tr. 355-361). The claimant reported that he had been in a car accident with his sister in March 2014 in which she died, and that he had been drinking alcohol daily since that time, which was not normal prior to the accident (Tr. 356). Additionally, he reported a history of using "pretty much everything," when it came to substance use, and that he had consumed four beers that morning before the evaluation (Tr. 357). She found him to have borderline intellectual functioning, but stated that he appeared to be able to work if he could find a job that matches his limited skill set (Tr. 358). She assessed him with persistent depressive disorder that had existed prior to the car accident but was complicated by bereavement, as well as alcohol use disorder and rule out intellectual disability (mild) (Tr. 358). She indicated there might be slight improvement with supportive counseling and abstinence from alcohol (Tr. 358).

On August 21, 2015, Dr. Barbara Beach, Ph.D., conducted a psychological evaluation of the claimant, based on a referral from the claimant's psychiatrist and therapist for an ADHD assessment (Tr. 363-364). She found that the results of testing placed him in the category of persons with an ADHD diagnosis, and found he met the criteria for ADD,

predominantly hyperactive/impulsive type, as well as generalized anxiety disorder (Tr. 364).

State reviewing psychologist Dr. Joan Holloway, Ph.D., reviewed the claimant's records and concluded that the claimant was markedly limited in  the three typical areas of ability to understand and remember detailed instructions, carry out detailed instructions, and interact appropriately with the general public, as well as moderately limited in the ability to maintain attention and concentration for extended periods and maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness (Tr. 80-82).  She concluded that the claimant could perform simple tasks with routine supervision, interact superficially with supervisors and coworkers but not the general public, and that he could adapt to a work situation (Tr. 81).  Her assessment included no discussion of substance abuse.   On reconsideration, Dr. James Sturgis, Ph.D., made essentially the same findings (Tr. 90-92).  He did not discuss the claimant's substance abuse, either.

At the administrative hearing, the claimant testified that he did not have a driver's license because he had failed the test twice (Tr. 39, 47-48).  As to substance use, he testified that he drank a lot and used drugs for "a year or two, probably a year" after the car accident, but since then he coped by getting on his medications (Tr. 59).  He further testified that he drinks alcohol (beer) about once a week, in the amount of six beers at one time, and that he had used methamphetamine most recently three years previous, and marijuana a few times a month (most recently three days prior to the hearing) (Tr. 43-44).

Evidence submitted to the Appeals Council consisted of a Mental RFC Assessment by Dr. Todd Pogue, D.O, who works for Cherokee Nation Behavioral Health.  In the Mental

RFC Assessment dated April 4, 2017, Dr. Pogue indicated that he began treating the claimant in March 2016, and that the claimant's diagnosis was attention deficit/hyperactivity disorder, combined type, and that he had a guarded prognosis (Tr. 9). He stated that there was no evidence of current drug or alcohol abuse, and that the claimant's impairments existed in the absence of substance abuse (Tr. 10). He indicated that the claimant had either extreme or marked limitations in all areas related to understanding and memory, sustained concentration and persistence, social interaction, and adaptation (Tr. 10-12). He indicated that the claimant's impairments would interfere with his ability to work more than 20% of the time, and that he would miss four days of work per month. He did not believe that claimant could work on a regular and sustained basis due to poor concentration, poor attention to detail, poor stress tolerance, and easy distractibility (Tr. 12).

"An individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 1382c(a)(3)(J). When drug abuse is present, the ALJ's task is to determine first whether the claimant is disabled. If the ALJ finds that the claimant is disabled, then the ALJ determines whether the claimant's "drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. § 416.935(a). The issue to be resolved is whether the claimant would still be found disabled if the claimant stopped using drugs. 20 C.F.R. § 416.935(b)(1). To resolve this issue, the ALJ evaluates which of the claimant's limitations "would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the claimant's] remaining

limitations would be disabling." 20 C.F.R. § 416.935(b)(2). If the remaining limitations are deemed not disabling, then the claimant's drug addiction or alcoholism is considered a contributing factor material to the determination of disability. 20 C.F.R. § 416.935(b)(2)(i). Conversely, if the remaining limitations are deemed disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to the determination of disability. 20 C.F.R. § 416.935(b)(2)(ii).

Soc. Sec. Rul. 13-02p sets out further guidance regarding the process for analyzing whether drug addiction and alcoholism ("DAA") is a material contributing factor. Soc. Sec. Rul. 13-2p, 2013 WL 621536 (Feb. 20, 2013). "[We] must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA . . . We will find that DAA is not material to the determination of disability and allow the claim if the record is fully developed and the evidence does not establish that the claimant's co-occurring mental disorder(s) would improve to the point of nondisability in the absence of DAA." *Id*. at *9.

In this case, the ALJ found at step three that the claimant's impairments, including the substance use, would meet Listings 12.02, 12.04, and 12.09 because he had marked difficulties in interacting with others, and with concentration, persistence, and pace (Tr. 21-22). He gave little weight to the opinions of the state reviewing physicians, because they did not consider the effects of the claimant's substance abuse (Tr. 24). He then stated that the claimant would not meet a Listing if he stopped the substance abuse, asserting without reference to any evidence in the record that the claimant would have moderate difficulties in all four areas of the "paragraph B" criteria (Tr. 24). Notably, the state

reviewing physicians determined, without reference to substance use, that the claimant had marked limitations related to detailed instructions and interacting with the public (Tr. 80, 90-91). He then proceeded to step four, where he assessed the claimant's RFC and determined he was not disabled if he stopped the substance abuse. At step four, he summarized three notations from Healthy Living where the claimant reported not using substances, concluding that the claimant's impairments appeared to be managed with medications (Tr. 26-27). The records from these appointments, which were with Dr. Pogue (who later submitted the mental RFC assessment), actually indicate that the claimant reported the medication helped his ADHD, but that it usually did not last the entire day, and that he continued to suffer from trauma and nightmares (Tr. 470-474).

The undersigned Magistrate Judge first notes that the ALJ failed to account for the fact that the claimant's use of alcohol was documented as a response to the trauma of being in the car accident with his sister when she died. Furthermore, the ALJ noted the claimant's ADHD medications were working well and were well tolerated, but ignored that the claimant continued to report difficulty totally managing his ADHD and difficulty sleeping, which constitutes improper picking and choosing among the medical evidence. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted]. *See also* Soc. Sec. Rul. 13-02p, 2013 WL 621536, at *9 ("[W]e must have

evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) *would not be disabled* in the absence of DAA.") [emphasis added].

The undersigned Magistrate Judge also agrees with the claimant that the evidence submitted to the Appeals Council, which contains Dr. Pogue's Mental RFC Assessment, requires reversal.  Even though the ALJ did not receive this evidence prior to issuing his decision, the Appeals Council *was* required to properly consider this evidence if it was: (i) new, (ii) material, and (iii) "related to the period on or before the date of the ALJ's decision," *see Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004), *quoting Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995), but failed to do so here.  Evidence is new if it "is not duplicative or cumulative," and this evidence qualifies as such.  *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003), *quoting Wilkins v. Sec'y, Dep't of Health & Human Svcs.*, 953 F.2d 93, 96 (4th Cir. 1991).  Second, evidence is material "if there is a reasonable possibility that [it] would have changed the outcome."  *Threet*, 353 F.3d at 1191, *quoting Wilkins*, 953 F.2d at 96.  The evidence must "reasonably [call] into question the disposition of the case."  *Id.  See also Lawson v. Chater*, 83 F.3d 432, 1996 WL 195124, at *2 (10th Cir. April 23, 1996) (unpublished table opinion).  Here, this evidence supports the serious nature of the claimant's mental impairments, and calls into question the ALJ's decision, particularly his findings related to the claimant's ability to concentrate, ability to pay attention to detail, ability to tolerate stress, and the ability to focus.

Finally, the evidence is chronologically relevant because it pertains to the time "period on or before the date of the ALJ's Decision."  *Kesner v. Barnhart*, 470 F. Supp. 2d 1315, 1320 (D. Utah 2006), *citing* 20 C.F.R. § 404.970(b).  Dr. Pogue stated that he began

treating the claimant in March 2016 through the month of the ALJ's decision (which is corroborated by the evidence in the record), and his assessment is therefore chronologically relevant to the ALJ's decision. The evidence presented by the claimant after the administrative hearing thus *does* qualify as new and material evidence under C.F.R. §§ 404.970(b) and 416.1470(b), and the Appeals Council considered it (Tr. 2), so the newly-submitted evidence "becomes part of the record . . . in evaluating the Commissioner's denial of benefits under the substantial-evidence standard." *Chambers*, 389 F.3d at 1142, *citing O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). The ALJ had no opportunity to perform the proper analysis, and while the Appeals Council considered this new evidence, they failed to analyze it in accordance with the aforementioned standards.

Because the ALJ failed to properly analyze the materiality of the claimant's substance abuse as outlined above, the decision of the Commissioner should be reversed and the case remanded to the ALJ for proper analysis of *all* the medical and other source evidence of record. If such analysis results in any adjustment to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

### Conclusion

In summary, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence, and accordingly RECOMMENDS that the decision of

the Commissioner be REVERSED and the case REMANDED to the ALJ for further proceedings consistent herewith.

**DATED** this 28th day of February, 2019.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**